**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 95-50436
Summary Calendar

BETTY MARIE DUSING,

Plaintiff-Appellant,

VERSUS

TOGO D. WEST, in his official capacity as
United States Secretary of the Army,

Defendant-Appellee.

Appeal from the United States District Court
For the Western District of El Paso
(U.S.D.C. NO. EP-92-CV-21)

March 21, 1996

Before REAVLEY, DUHÉ, AND WIENER, Circuit Judges.

PER CURIAM:[*]

John D. Addis (deceased) filed this complaint based on handicap discrimination under the Rehabilitation Act, 29 U.S.C. § 791, *et seq.*, and the Civil Rights Act of 1991, 42 U.S.C. § 1981a. After Addis' death, Betty Marie Dusing, as executor of his estate, was substituted as plaintiff.

Addis initially filed an Equal Employment Opportunity ("EEO")

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

complaint alleging he was forced to seek disability retirement after twenty-three years as a civilian employee of the Army due to exacerbation of cancer caused by a hostile work environment. Addis asserted that, although his supervisors were aware of his worsening physical condition, they continuously harassed him and refused to accommodate his illness. Addis' EEO complaint was first rejected as untimely by the Army, but on appeal, the EEOC found that Addis should be excused from the filing deadlines. After a full investigation, the complaint was again rejected by the Army and the EEOC.

The district court dismissed the complaint because Addis' original EEO complaint was filed untimely, and held no defense such as waiver, estoppel or equitable tolling was present. Dusing does not complain of the district court's alternative ruling dismissing her civil rights complaint because the acts of which Addis had complained were committed prior to the effective date of the Civil Rights Act of 1991.

Addis was required to file his EEO complaint within the prescribed time limits of 29 C.F.R. § (a)(i) & (ii). Since Addis' complaint was not brought to the attention of an EEO counselor until approximately six months after his retirement from government employment, the district court reasoned the complaint was untimely, relying upon Pacheco v. Rice.[1]

We disagree. In Pacheco the plaintiff waited three years to file his complaint, which was held untimely because he had no

---

[1]  Pacheco v. Rice, 966 F.2d 904 (5th Cir. 1992).

2

excuse for not filing a complaint and initiating an investigation within the prescribed time frame of 29 C.F.R. § (a)(i). The facts of the instant case are more analagous to those of <u>Oaxaca v. Roscoe</u>[2], in which the plaintiff alleged he had no way of knowing he had been subjected to discrimination until after the time limits for filing a complaint had passed, but acted promptly when the alleged wrongful act was discovered, and otherwise complied with the statutory and regulatory procedures.[3] Since Oaxaca had never been notified of the filing deadlines, this court held he should be given an opportunity to establish facts that would entitle him to an equitable tolling or delay in the commencement of the thirty-day time period under 29 C.F.R. § 1614.214(a)(4), which requires an agency to extend the time limits under certain circumstances.[4]

The record reflects that Addis contended from the very beginning that he did not know he had a disability discrimination claim, and he was never so informed by either Army or civilian personnel despite complaining of his supervisors' harassment to civilian personnel and the inspector general. He argues he was entitled to an extension of the time limits under § 1614.214(a)(4). Addis otherwise complied with all statutory and regulatory procedures. Addis did plead grounds warranting equitable tolling, and the district court should proceed as was set forth in <u>Oaxaxa</u>.

---

[2] <u>Oaxaca v. Roscoe</u>, 641 F.2d 386 (5th Cir. 1981). See also <u>Henderson v. United States Veterans Admin</u>., 790 F.2d 436 (5th Cir. 1986).

[3] <u>Oaxaca</u>, 641 F.2d at 389.

[4] <u>Id</u>. at 391.

VACATED AND REMANDED.